IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 8:10CV102 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| RAJNISH K. DAS and STORMY L. DEAN, | ) ) ) ) | |
| Defendants. | ) | |

      This matter is before the Court on the Defendants' Motion in Limine to Strike Witnesses from the SEC's Nonexpert Witness List and to Limit the Testimony of Steven Henning (Filing No. 156); the Defendants' Motion in Limine to Exclude Evidence of Subsequent Remedial Measures and Settlement Agreements (Filing No. 160); and the Defendants' motions requesting for hearing on the Motions in Limine (Filing Nos. 165, 176). The Court has reviewed the parties' briefs and indexes of evidence, and concludes that the motion to strike witnesses and limit testimony should be denied; the motion to exclude evidence of subsequent remedial measures and settlement agreements should be granted; and the motions for hearing should be denied. The Court's rulings are, of course, without prejudice to the Defendants raising objections to testimony and offers of evidence at the time of trial, and without prejudice to the Plaintiff revisiting the issue of the admissibility of evidence of the alleged "subsequent remedial measures" and settlement agreements, outside the presence of the jury.

**DISCUSSION**

**I. Exclusion of Recently Added Witnesses**

Defendants Rajnish Das ("Das") and Stormy L. Dean ("Dean") ask the Court to exclude the testimony of three witnesses[1] that came to the attention of the Plaintiff Securities and Exchange Commission ("SEC") during Dean's deposition, asserting that the SEC failed to disclose the witnesses in a timely and proper manner. Das and Dean suggest three separate bases for the exclusion of these witnesses: (1) the SEC's failure to make (or timely supplement) a disclosure of individuals likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(I); (2) the SEC's failure to disclose witnesses under Fed. R. Civ. P. 26(a)(3)(A)(I) in a timely and proper manner; and (3) the SEC's failure to comply with the court's progression order requiring the timely disclosure of witnesses.

**A. Initial Disclosures**

Rule 26(a)(1)(A)(I) requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the discovering party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e) requires parties to supplement initial disclosures "in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The parties here do not dispute that the newly disclosed witnesses were unknown to the SEC at the time initial Rule 26(a)(1)(A)(I) disclosures were due. The

---

[1] Bruce Baird, Joseph G. Connolly, Jr., and Joseph Gilligan.

question is whether the SEC should have supplemented its initial disclosures upon becoming aware of the witnesses and the likelihood that they held discoverable information helpful to the SEC.

The parties appear to agree that the SEC became aware of the new witnesses during Dean's deposition on June 30, 2011. Thus, Das and Dean also became aware of the witnesses, and their potential use, at that time. Because the SEC did not interview the new witnesses until after the December 16, 2011, witness disclosure deadline, it is unlikely that the SEC knew any more about the potential testimony of the witnesses than Das and Dean knew, up until that time.

The SEC cites to Rule 26's 1993 Advisory Committee Notes, suggesting that discovery of a new witness in a deposition is precisely the kind of notice that Rule 26(e) anticipates will relieve a party of the duty to file supplemental disclosures. Das and Dean respond that the 1993 Advisory Committee Notes are "superceded" by a 2000 amendment to Rule 26(a)(1)(A) that narrowed the scope of initial disclosures from *all* witnesses or documents whether favorable or unfavorable, to those witnesses or documents the disclosing party may use to support its claims or defenses. Das and Dean appear to argue, first, that the 1993 Committee was envisioning a party who discovered a witness during a deposition that could be of use *to the opposing party* and therefore should be relieved of making supplemental disclosures with respect to such a witness, and, second, because the amended rule no longer requires disclosure of witnesses that could be of use to the opposing party, the Committee's comments are no longer applicable. This Court is not persuaded by that argument. First, the 1993 Committee Note made no such distinction, and, second, Rule 26(e)'s language has remained unchanged since 1993–it

3

continues to relieve a party of supplemental disclosure responsibilities when the other party receives notice through the discovery process.

### B. Pretrial Disclosures

Rule 26(a)(3)(A)(I) requires the disclosure of "the name and, if not previously provided, the address and telephone number of each witness–separately identifying those the party expects to present and those it may call if the need arises."  While the Rule clearly requires basic contact information and designation of "may call" or "will call," the Rule does not require disclosure of the subject of the testimony (as does Rule 26(a)(1)(A)(I) above).  Although the witness list filed with the Court does not contain contact information (it merely states that the SEC separately supplied the information to the Defendants), Das and Dean have not specifically objected to the lack of such contact information.  Instead, they claim that they have not been provided with sufficient information about the witnesses to allow for the development of discovery and trial strategies. Rule 26(a)(3)(A)(I), however, merely requires disclosure of witnesses and their contact information at least 30 days before trial (Fed. R. Civ. Pro. 26(a)(3)(B)).  The shortness of this notice indicates that the Rule is not intended to give rise to significant discovery, but rather to give the parties some notice of the witnesses that will be called and how they can be contacted.  Aside from the lack of some contact information, the SEC's December 16, 2011, filing satisfies both the substantive and timing requirements of the Rule.

### C. Progression Orders

The initial progression order in this case required disclosure of witnesses before the October 7, 2010, planning conference. Because there was no deadline for discovery at that time, the progression order did not require more than disclosure of anticipated witnesses known as of October 7, 2010–reinforcing the initial disclosure requirements of Rule 26(a)(1)(A)(I).

The second progression order set a deadline of September 9, 2011, for the disclosure of witnesses and a discovery deadline of June 30, 2011. In August 2011, the third progression order moved the witness-disclosure deadline to December 16, 2011. Because the SEC satisfied the timing requirement of the third progression order by filing witness disclosures on December 16, 2011, and because the progression orders did not anticipate substantive discovery opportunities after the witness disclosure deadlines, the contention that the SEC violated the progression orders is unfounded.

Because the witnesses in question were disclosed during Dean's deposition, it is likely that Dean (and Das) knew more about the witnesses' contact information and potential testimony than the SEC knew. If, however, there is a question as to whether Das and Dean had timely actual notice of the witnesses' contact information and an opportunity to speak with them in preparation for trial, that will be addressed by the Court at its meeting with counsel in chambers on February 14, 2012, at 8:30 a.m.

## II. Use of SEC's Expert as a "Fact Witness"

Das and Dean object to the SEC's anticipated use of its expert witness, Steven Henning, as a "fact witness." The objection is based on the same arguments addressed

above with respect to timely and adequate disclosure of witnesses: (1) failure to disclose (or timely supplement) under Rule 26(a)(1)(A)(I), (2) failure to timely disclose as a "fact witness" under Rule 26(a)(3)(A)(I), and (3) failure to timely disclose as a "fact witness" under the progression orders. Das and Dean also claim that Henning's testimony will impermissibly summarize the SEC's case. The SEC contends that Henning's "fact testimony" will simply be authentication of certain summary evidence admissible under Fed. R. Evid. 1006, or demonstratives, permissible in the Court's discretion under Fed. R. Civ. P. 611(a).[2]

Because Das and Dean concede that Henning is an expert witness who has no first hand personal knowledge of any facts relevant to this case, there is no basis to suggest that the SEC should have disclosed, initially or in a supplement, that Henning was an "individual likely to have discoverable information." For the same reasons outlined in sections I.B and I.C. above, the disclosure of Henning as a witness on December 16, 2011, satisfied the requirements of the witness-disclosure Rules and the progression orders.

If Henning merely authenticates summary evidence, Das and Dean have no cause for concern that he will impermissibly summarize the SEC's version of the facts. The SEC does state, however, that Henning will "describe . . . what those summaries reflect." Das and Dean refer the Court to two cases in support of their contention that such testimony by an expert witness should be excluded: *Schreiber v. Nebraska,* 2007 WL 610411, *4 (D.

---

[2] Das and Dean have not specifically objected to the summary evidence itself at this time, but have expressed their intention to object to evidence underlying the summaries. Such objections are not before the Court at this time, and will be addressed when raised. Nothing in this Memorandum and Order is meant to suggest the ultimate admissibility of the summaries or of the underlying evidence. The Court simply declines to preclude Henning, in limine, from offering testimony about the summaries.

Neb., Feb. 23, 2007), and *SEC v. Shanahan,* 2010 WL 415267 * (E.D. Mo. 2010).  While both cases suggest that a witness should not provide analysis of evidence that the jury can evaluate on its own, neither case addresses the appropriateness of a witness describing the nature of, and basis for, summary evidence.  Although not strictly necessary for the admission of summary evidence, an expert's description may prove useful to a jury unfamiliar with the nature of such summaries, and the Court will not foreclose the use of such testimony by an order in limine.

As an alternative argument, Das and Dean object to the characterization of Henning's expected testimony as "non-expert."  Indeed, the SEC acknowledges that the summaries include data that Henning, "confirmed, in his expert opinion, were perquisites."  Das and Dean thus object on the grounds that these summaries are expert evidence that the SEC failed to timely disclose as such.  The SEC counters that the underlying evidence has been available and that no new expert testimony is being offered.

While the Court does not intend to permit Henning to suggest to the jury what conclusions it should draw from summary evidence that the jury can evaluate on its own, nor to interject non-disclosed expert opinions under the guise of "fact" testimony, the Court will not foreclose the use of Henning's testimony by an order in limine under Das and Dean's alternate argument.  Their objections may be made at the time of trial, when the nature of the summaries and the line of questioning are both apparent.  If necessary, the jury will be excused while the proper scope of Henning's testimony about the summaries is defined.[3]

---

[3] The SEC also contends that the summaries are admissible under 611(a) as demonstratives.  If the Court were to permit the summaries to be shown to the jury as

**III. SEC Evidence of Subsequent Remedial Measures**

The SEC intends to introduce evidence of certain amended SEC filings made by Das and Dean's former employer, to demonstrate that earlier filings made by Das and Dean were incorrect and materially false or misleading. Das and Dean contend that the later filings were "subsequent remedial measures," and should be excluded under Fed. R. Ev. 407, which provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measure is not admissible to prove . . . culpable conduct . . . .  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, . . . or impeachment.

The purposes underlying Rule 407 include (a) the elimination of a strong disincentive for remedial measures made in the public interest, and (b) the recognition that evidence of subsequent remedial measures may lead a jury to draw a powerful, but often unfair, inference of culpable conduct on the part of a defendant. This latter purpose ties in with Fed. R. Ev. 403, which provides: "Although relevant, evidence may be excluded if

---

demonstrative of evidence already admitted, the summaries themselves would not be considered evidence and would not go to the jury at the close of the case. See, e.g.,; *U.S. v. Milkiewicz*, 470 F.3d 390, 397 (1st Cir. 2006) (noting that a chart or other summary tool must be linked to evidence previously admitted and usually is not itself admitted into evidence); *U.S. v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) (holding that "pedagogical charts or summaries may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury. But displaying such charts is always under the supervision of the district court under Rule 611(a), and in the end they are not admitted as evidence."); and *U.S. v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003) (holding that demonstratives are not evidence, and Rule 611 is meant to allow pedagogical aides to clarify evidence that has already been admitted).

its probative value is substantially outweighed by the danger of unfair prejudice, [or] confusion of the issues . . . ."

It is recognized that the amended filings may have some relevance. As this Court stated in its Memorandum and Order of September 20, 2011, however, "material evidence will be that which relates to Das's and Dean's knowledge at the time of their alleged misstatements or omissions, and *not* evidence that was unknown to Das and Dean at the time they made their certifications, but has since been revealed through subsequent investigations or by remedial measures." (Filing No. 139 at 14.) It is also recognized that the amended filings ultimately may be admitted for a purpose such as impeachment. But, for now, it appears that admission of the amended filings would be unfairly prejudicial to the Defendants, and the Court will grant their motion in limine to preclude the SEC from offering such evidence in its case-in-chief. Similarly, the Court will exclude, in limine, under Rule 403, evidence of the spreadsheets created by Das and Dean's former employer under its new accounting principles.

With respect to evidence of the settlement of shareholder derivative actions, which Defendants seek to exclude as evidence of a compromise or offer to compromise, under Rule 408[4], the SEC states that it has no concrete plans to offer any such evidence. (SEC

---

[4]Rule 408 provides in pertinent part as follows: "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish–or accepting or offering or promising to accept–a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, . . . ." The purposes underlying Rule 408 include (1) the promotion of a public policy favoring compromise and settlement of disputes, and (2) elimination of the unfair inference that settlement implies culpability.

Brief, Filing No. 167 at 25.) It does, however, intend to refer to evidence gathered by the shareholders' Special Litigation Committee in preparation for the litigation that led to the settlement. (*Id.* at 26.) Defendants did not move, in limine, to exclude such evidence under Rule 408, Rule 403, or otherwise, although in their Reply Brief they argue that such evidence is irrelevant, hearsay, and not probative of any issue in this case. (Filing No. 180. at 18.) Accordingly, the Court will grant the Defendants' motion with respect to the settlement of the shareholders' derivative action and negotiations leading to that settlement, without further analysis at this juncture.

IT IS ORDERED:

1. The Defendants' Motion in Limine to Strike Witnesses from the SEC's Nonexpert Witness List and to Limit the Testimony of Steven Henning (Filing No. 156) is denied;

2. The Defendants' Motion in Limine to Exclude Evidence of Subsequent Remedial Measures and Settlement Agreements (Filing No. 160) is granted;

3. The Defendants' Request for Fed. R. Evid. 104 Hearing Regarding the Motion in Limine to Exclude Evidence of Subsequent Remedial Measures and Settlement Agreements (Filing No. 165) is denied as moot; and

4. The Defendants' Motion for Hearing regarding their Motion in Limine to Strike Witnesses from the SEC's Nonexpert Witness List and to Limit the Testimony of Steven Henning (Filing No. 176) is denied.

DATED this 8th day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge