## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | CASE NO. 8:10CV102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAJNISH K. DAS and STORMY L. DEAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to file under Seal (Filing No. 239) filed by Defendant Rajnish K. Das.  Pursuant to this Court's Order (Filing No. 231), entered on March 12, 2012, Das seeks to file under seal an affidavit indicating the attorneys fees, costs, and expenses paid by InfoUSA, Inc., on behalf of Das during the course of this litigation.  The affidavit has been filed as a provisionally sealed document in accordance with NECivR 7.5(a)(ii).  (Filing No. 240.)

The Court directed the Defendants to "disclose: (1) whether any of their attorneys fees, costs, and expenses of this litigation have been paid by InfoUSA, Inc. ("Info"), and, if so, (2) the amount of such attorneys fees, costs, and expenses paid by Info to date, as well as those accrued and expected to be paid by Info," and stated that "[t]he disclosure may be made by affidavit of counsel, filed under seal." (Filing No. 231.)  If Info did pay any of the Defendants' attorney fees, costs, and expenses of this litigation, then, when responding to the Plaintiff's Motion for Remedial Relief and Entry of Final Judgment Against Defendants (Filing No. 228), the Defendants were also directed to address:

> (1) whether restitution to Info can and should be included by this Court in its order for remedial relief and final judgment, (2) whether such restitution should take precedence over any civil penalty, (3) the Defendants' proposal

for making any such restitution, and (4) whether any supersedeas bond posted by Defendants in the event of an appeal should cover Defendants' obligation for such restitution as well as for any civil penalty.

(Filing No. 231.)   Plaintiff Securities and Exchange Commission would then have an opportunity to address those issues.  (*Id.*)

A document that is filed under seal "does not provide notice of electronic filing to all parties in the case."  NECivR 7.5(b).  "[A]n entry appears on the electronic docket sheet only for court users and the filing party.  The parties and the public do not have remote access to the sealed document from the docket sheet."  NECivR 7.5(c).  Therefore, "[t]he filing party must use alternate forms of service to provide all parties entitled to notice with copies of the sealed document."  NECivR 7.5(b).  Nothing indicates that Das has used any form of service to provide the SEC with a copy of the provisionally sealed document so that the SEC can adequately address the issues presented in the Court's Order of March 12, 2012.

Accordingly,

IT IS ORDERED:

1. The Motion to file under Seal (Filing No. 239) filed by Defendant Rajnish K. Das is granted; and

2. Defendant Rajnish K. Das is directed to provide Plaintiff Securities and Exchange Commission with a copy of the provisionally sealed document (Filing No. 240) on or before April 13, 2012.

DATED this 11th day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge